**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AHMAD ISSA,

       Plaintiff,

                                    Case No. 09-12595

v.                                       Hon. Gerald E. Rosen

PROVIDENT FUNDING GROUP, INC.
and GMAC MORTGAGE, LLC,

       Defendants.
_____/

**OPINION AND ORDER GRANTING**
**DEFENDANTS' MOTIONS TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      February 10, 2010

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

## I. INTRODUCTION

Plaintiff Ahmad Issa commenced this suit in state court on June 2, 2009, asserting a number of federal and state-law claims arising from an October 2006 mortgage loan transaction. Plaintiff obtained this loan from non-party Quicken Loans, Inc., and has named two servicers of the loan, Provident Funding Group, Inc. and GMAC Mortgage, LLC, as Defendants. Defendant GMAC Mortgage removed the case to this Court on July 2, 2009, citing Plaintiff's assertion of claims arising under federal law. *See* 28 U.S.C. §§ 1441(a), 1331.

By motions filed on July 10, 2009 and August 10, 2009, respectively, Defendants GMAC Mortgage and Provident Funding Group now seek the dismissal of Plaintiff's complaint for failure to state a claim upon which relief can be granted. Each of these two motions has been fully briefed by the parties. Having reviewed the parties' written submissions in support of and opposition to Defendants' motions, as well as the remainder of the record, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials, and that oral argument would not assist in the resolution of these motions. Accordingly, the Court will decide Defendants' motions "on the briefs." *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. As explained below, the Court concludes that Plaintiff's complaint is subject to dismissal.

## II. ANALYSIS

### A. The Standards Governing Defendants' Motions

Through the present motions, each of the two Defendants seeks the dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] When considering a motion brought under Rule 12(b)(6), the

---

[1] Defendant Provident Funding Group has moved in the alternative for an award of summary judgment in its favor, and its motion is accompanied by exhibits that go beyond the four corners of Plaintiff's complaint. While the Court's consideration of these exhibits generally would require that Defendant's motion be "treated as one for summary judgment under Rule 56," Fed. R. Civ. P. 12(d), such conversion is not required if the exhibits may fairly be considered "part of the pleadings" — that is, if "they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (internal quotation marks and citation omitted). In this case, most of the exhibits accompanying Defendant's motion are documents that were exchanged between Plaintiff and his lender at the

2

Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

**B.     Plaintiff's TILA and HOEPA Claims Are Time-Barred.**

---

time of the mortgage transaction at issue, and the disclosures (or lack thereof) made by the lender feature centrally in Plaintiff's claims. Consequently, if the Court found it necessary to consider these exhibits in resolving the pending motions, this would not necessarily dictate that the motions be treated as seeking summary judgment under Rule 56. Nonetheless, the Court need not dwell upon this question, because the issues raised in Defendants' motions may be resolved by resort to the pleadings alone.

In Count I of his complaint, Plaintiff alleges that Defendants violated the Home Ownership and Equity Provision Act ("HOEPA"), 15 U.S.C. § 1639, by "extending credit to him without regard to his ability to repay the debt." (Complaint at ¶ 24.) In Count III of his complaint, Plaintiff alleges that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, by making false disclosures in connection with the mortgage loan transaction at issue in this case. (Complaint at ¶ 36.) In the present motions, Defendants argue that these two claims are barred by the one-year period of limitation that applies to claims for damages brought under either of these federal statutes. The Court agrees.

Claims for damages under TILA and HOEPA are subject to the statute of limitations set forth at 15 U.S.C. § 1640(e), which requires that "[a]ny action under this section . . . be brought . . . within one year from the date of the occurrence of the violation."[2] "[A]s a standard rule," such a statute of limitations "begins to run when the plaintiff has a complete and present cause of action and thus can file suit and obtain relief." *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (internal quotation marks and citation omitted). Moreover, "a credit transaction which requires disclosures under the [Truth in Lending] Act is completed when the lender and borrower contract for the extension of credit." *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973); *see also Blue*

---

[2]This TILA provision governs claims brought under HOEPA, which was enacted as an amendment to certain aspects of TILA. *See Darr v. Beal Bank S.S.B.,* No. 09-11861, 2009 WL 3429663, at *2 & n.6 (E.D. Mich. Oct. 21, 2009); *Solar v. Millenium Financial, Inc.,* No. 01-CV-4327, 2002 WL 1019047, at *3 n.4 (E.D. Pa. May 17, 2002).

*v. Fremont Investment & Loan,* 562 F. Supp.2d 33, 43 (D.D.C. 2008) (holding that the one-year TILA statute of limitations began to run on the date of the underlying loan transaction as to which the required disclosures allegedly were not made); *Tucker v. Beneficial Mortgage Co.,* 437 F. Supp.2d 584, 589 (E.D. Va. 2006) (same).

Plaintiff's HOEPA and TILA claims in this case rest upon a mortgage loan transaction that occurred in October of 2006. Yet, Plaintiff did not file his complaint until June 2, 2009, over two and a half years after he closed on this loan. Consequently, his HOEPA and TILA claims are time-barred, absent some basis for tolling the one-year statute of limitations.[3] In apparent recognition of this, Plaintiff alleges in his complaint that "the statutes of limitation in this matter are subject to equitable tolling." (Complaint at ¶ 20; *see also* Complaint at ¶ 38 (alleging more specifically that "Plaintiff's claims under the Truth in Lending Act are subject to tolling").) Similarly, in his responses to Defendants' motions, he contends that the doctrine of equitable tolling should apply here, in light of Defendants' alleged "fraudulent concealment" in connection with the underlying loan transaction giving rise to his HOEPA and TILA claims. (*See* Plaintiff's 7/31/2009 Response Br. at 7.)

---

[3]Somewhat puzzlingly, Plaintiff suggests in his responses to Defendants' motions that TILA's one-year statute of limitations might not yet have run. (*See* Plaintiff's 7/31/2009 Response Br. at 5-6, 8.) Yet, if the statute of limitations had not yet run by the time Plaintiff filed his complaint, it could only be due to some relevant action or event that occurred after he closed on the loan at issue in October of 2006. Plaintiff has not even attempted to identify any such action or event that might have triggered a renewed one-year period for bringing suit, whether in his complaint or in his responses to Defendants' motions. Thus, it is clear that Plaintiff must rely on some form of tolling if he is to avoid the bar of the one-year statute of limitations.

5

As Defendants point out, however, nothing in Plaintiff's complaint provides any support whatsoever for his appeal to equitable tolling. As Judge Borman of this District has explained, "[e]quitable tolling applies to a statute of limitations period when inequitable circumstances prevent a plaintiff from suing before the statutory period runs." *Mills v. Equicredit Corp.,* 294 F. Supp.2d 903, 908 (E.D. Mich. 2003). Thus, to invoke equitable tolling based upon fraudulent concealment, a plaintiff must "demonstrate[] that: (1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." *Mills,* 294 F. Supp.2d at 908 (internal quotation marks and citation omitted). The first prong of this standard requires a showing of "some act *in addition to* the commission of the initial fraudulent act" giving rise to Plaintiff's underlying TILA and HOEPA claims, because the sort of fraudulent concealment that warrants equitable tolling necessarily entails "conduct affirmatively directed at deflecting litigation." *Jones v. Saxon Mortgage, Inc.,* 980 F. Supp. 842, 846 (E.D. Va. 1997) (internal quotation marks, alteration, and citation omitted) (emphasis added); *see also In re Community Bank of Northern Virginia,* 467 F. Supp.2d 466, 479 (W.D. Pa. 2006) ("[T]he fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling.").

The allegations of Plaintiff's complaint manifestly fail to identify any actions or steps taken by either Defendant that might have concealed the existence of a TILA or HOEPA claim, such that it would be appropriate to toll the usual one-year period of

6

limitation. All of Plaintiff's allegations of false disclosures or failures to disclose relevant information concern acts or omissions occurring at the time of the closing on the loan transaction giving rise to his claims. The complaint is utterly silent as to any actions allegedly taken by either Defendant — or any non-party, for that matter — after the closing on the loan, much less any affirmative steps to conceal the existence of a cause of action. Moreover, the materials attached as an exhibit to Defendant Provident's motion indicate that Plaintiff was apprised of the terms of the loan at the time of the closing, (*see* Defendant Provident's Motion, Ex. E), and "[t]he fact that the loan terms were plainly disclosed militates against invoking equitable tolling." *Darr,* 2009 WL 3429663, at *3; *see also Mills,* 294 F. Supp.2d at 908. Thus, just as this Court held in another recent case featuring essentially the same allegations (and brought by the very same counsel who represents Plaintiff in this case), *see Sobh v. Chase Home Finance, LLC,* No. 09-11986, slip op. at 5-6 (E.D. Mich. July 28, 2009), Plaintiff may not invoke the doctrine of equitable tolling, and his TILA and HOEPA claims are time-barred.

**C.     Plaintiff Has Failed to State a Viable FCRA Claim.**

In Count VI of his complaint, Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* because they either "have made or will make derogatory reports on Plaintiff's credit reports that are patently untrue." (Complaint at ¶ 61.) Defendants contend that this claim fails on a number of grounds, where (i) the complaint does not indicate which FCRA provisions they purportedly have violated, and (ii) the FCRA does not confer a private right of action

against entities, such as Defendants, that furnish allegedly inaccurate information appearing on a credit report, unless such a furnisher fails to conduct a reasonable investigation upon receiving notice of a consumer's complaint from a credit reporting agency. *See* 15 U.S.C. § 1681s-2(b). As Defendants point out, the complaint fails to identify any allegedly inaccurate information that has actually appeared on Plaintiff's credit report, nor does it allege that Plaintiff has complained of any such inaccuracy.

Plaintiff has not addressed these issues in his responses to Defendants' motions. Accordingly, the Court deems Plaintiff's FCRA claim to be abandoned. In any event, even if Plaintiff had contested the point, the Court readily concludes that Plaintiff's FCRA claim is subject to dismissal on the grounds identified in Defendants' motions.

**D.     Plaintiff's Fraud and Misrepresentation Claims Are Subject to Dismissal.**

Apart from his federal claims under HOEPA, TILA, and the FCRA, Plaintiff has asserted three state-law claims that rest upon alleged misrepresentations made in connection with his October 2006 mortgage loan transaction: fraudulent representation (Count IV), negligent representation (Count V), and violation of the Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), Mich. Comp. Laws § 445.1651 *et seq.* In seeking the dismissal of these claims, Defendants argue (i) that Plaintiff has failed to allege a viable theory of agency under which they could be held liable for misrepresentations allegedly made by the lender, Quicken Loans, at the time of the loan transaction, and (ii) that Plaintiff's allegations, accepted as true, do not establish the elements of a claim of misrepresentation. The Court agrees.

It is undisputed that neither Defendant played any role in the origination or closing of the loan at issue. It follows, then, that neither Defendant made any misrepresentation that would support any of Plaintiff's three state-law claims. In an effort to overcome this apparent deficiency in his claims, Plaintiff broadly alleges in his complaint that "Quicken Loans was Defendants' agent and assignor and so the acts and omissions of Quicken Loans are attributable to Defendants by law." (Complaint at ¶ 10.) Yet, as Defendants point out, this is precisely the sort of bare legal conclusion that the Supreme Court has deemed insufficient to withstand a motion to dismiss. *See Iqbal,* 129 S. Ct. at 1949-50. Rather, Plaintiff must put forth factual allegations which, if accepted as true, would establish the requisite agency relationship.

Plaintiff has failed to address this point in any meaningful way in his responses to Defendants' motions. Rather, he merely provides a one-paragraph recitation of basic agency principles under Michigan law, and then concludes that the existence of an agency relationship rests upon questions of fact that must be left for the trier of fact to determine. (*See* Plaintiff's 7/31/2009 Response Br. at 4-5.) This, however, ignores Plaintiff's burden at the pleading stage to *allege* facts which, if subsequently found in his favor by the trier of fact, would establish the existence of an agency relationship. Plaintiff's complaint utterly lacks any such allegations, nor do his subsequent submissions even hint at a factual predicate upon which a trier of fact could conclude that Quicken Loans acted as the agent for either Defendant in the initial loan transaction. Accordingly, Plaintiff's state-law claims sounding in fraud or misrepresentation cannot proceed under an agency

9

theory. *See Jaafar v. Homefield Financial, Inc.,* No. 09-12832, 2009 WL 3602091, at *2 (E.D. Mich. Oct. 27, 2009) (observing that the plaintiff in that case — again, represented by the same counsel who represents Plaintiff here — had offered only "conclusory allegations and meaningless recitation of various agency theories," but had "failed to plead factual content that allows the Court to draw the reasonable inference" that the defendant servicer could be held liable for misrepresentations allegedly made by the lender).[4]

This, however, is far from the only defect in Plaintiff's misrepresentation claims. As Defendants observe, such claims must be pled with particularity, *see* Fed. R. Civ. P. 9(b), and, "[a]t a minimum, Plaintiff[] must allege the time, place, and contents of the misrepresentations upon which [he] relied," *Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008). Plaintiff also must allege facts from which it could be concluded that his reliance was reasonable. *See Novak v. Nationwide Mutual Insurance Co.,* 235 Mich. App. 675, 599 N.W.2d 546, 553-54 (1999). As Defendants point out, it is implausible, to say the least, for Plaintiff to allege that he reasonably relied on alleged misstatements about ***his own income*** in loan applications he executed.

Plaintiff's complaint in this case fails to meet even these fairly lenient pleading standards, but instead contains only vague and conclusory allegations that, at best, merely

---

[4]Apart from his appeal to an agency theory, Plaintiff also suggests that a HOEPA provision, 15 U.S.C. § 1641(d)(1), permits him to pursue his state-law claims against assignees such as Defendants here. The Court need not address this question, in light of its conclusion below that Plaintiff's state-law misrepresentation claims have been deficiently pled in other respects.

parrot the elements of a misrepresentation claim. Faced with essentially the same allegations advanced by Plaintiff here — once again, in cases also brought by Plaintiff's counsel — several courts in this District have held that state-law claims of fraud and misrepresentation were not adequately pled, and thus were subject to dismissal. *See, e.g., Sinishtaj v. Chase Home Finance, LLC,* No. 09-10859, 2009 WL 4950464, at *6-*7 (E.D. Mich. Dec. 15, 2009); *Darr,* 2009 WL 3429663, at *5; *McLean v. Countrywide Home Loans, Inc.,* No. 09-11239, 2009 WL 2777017, at *6-*7 (E.D. Mich. Aug. 27, 2009); *Beydoun v. Countrywide Home Loans, Inc.,* No. 09-10445, 2009 WL 1803198, at *5 (E.D. Mich. June 23, 2009). This Court fully concurs in the analysis and rulings in these prior decisions under equivalent records, and need not repeat this discussion here. Consequently, Plaintiff's state-law claims sounding in fraud or misrepresentation are subject to dismissal.[5]

---

[5] In the event that the Court were to find — as it now has done — that his claims of fraud and misrepresentation were not adequately pled, Plaintiff requests that he be allowed to amend his complaint to plead these claims with greater specificity. Yet, Plaintiff does not suggest what additional specificity he might provide if granted leave to amend his complaint. Accordingly, the Court finds that any such amendment would be futile.

**E.     Michigan Law Does Not Recognize a Claim of Predatory Lending.**

In Count II of his complaint, Plaintiff asserts a claim of "predatory lending," presumably arising under Michigan law. Defendants seek the dismissal of this claim, arguing that no Michigan court has recognized "predatory lending" as an independent cause of action. In response, Plaintiff acknowledges that there is no case law support for this claim, but he opines that such a cause of action "should be" recognized. (Plaintiff's 7/31/2009 Response Br. at 12.) This Court, like several others in this District, readily concludes that this claim is not viable and must be dismissed. *See, e.g., Sinishtaj,* 2009 WL 4950464, at *6; *Darr,* 2009 WL 3429663, at *3; *McLean,* 2009 WL 2777017, at *6; *Saleh v. Home Loan Services, Inc.,* No. 09-10033, 2009 WL 2496682, at *2 n.1 (E.D. Mich. Aug. 17, 2009).

**F.     Plaintiff's Counsel Is Subject to Sanctions Under 28 U.S.C. § 1927.**

Beyond moving for the dismissal of the complaint, both Defendants request that the Court award them the attorney fees and costs they have incurred in having to defend this action. The Court agrees that such an award is warranted in this case.

Under 28 U.S.C. § 1927, the Court may impose an award of fees and costs against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously."[6] The Sixth Circuit has explained that an award of fees is appropriate under

---

[6] Apart from appealing to this statute, Defendant Provident suggests that sanctions also could be awarded under Fed. R. Civ. P. 11. Yet, there is no indication in the record that Provident complied with the "safe harbor" provision of the Rule by serving a separate motion for sanctions upon Plaintiff at least 21 days before filing its request for sanctions with the Court. *See* Fed. R. Civ. P. 11(c)(2). Under these circumstances, the Court finds that an award of Rule

§ 1927, with or "without a finding of bad faith," if "an attorney knows or reasonably should know that a claim pursued is frivolous or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Ridder,* 109 F.3d at 298.

This Court joins several of its colleagues in holding that the circumstances here warrant an award of attorney fees and costs. As Judge Duggan observed in a recent decision:

> The proliferation of cases in the Eastern District of Michigan filed by attorneys at the firm retained by Plaintiff has not escaped this Court's attention. Since December 2008, more than 90 cases filed by Plaintiff's law firm have been removed to this district from state courts. Although the number of claims asserted in the complaints sometimes varies, each of those 90+ cases involve nearly identical issues. In fact, other than the names of the parties involved, many of the allegations and claims in the complaints are identical.
>
> Based upon arguments made during the motion hearing, the Court believes that Plaintiff's law firm is using many of these lawsuits as a means of conducting fishing expeditions. This Court previously advised Plaintiff's law firm of the impropriety of naming loan servicers as defendants in these lawsuits, and it is inexplicable why the law firm pursued the same course of action in this case . . . . Furthermore, the Court notes that Plaintiff's law firm has been on notice regarding the sanctionable nature of its conduct in these actions since at least June 23, 2009, when the Honorable Judge Zatkoff authorized sanctions pursuant to 28 U.S.C. § 1927 in *Beydoun,* 2009 WL 1803198, at *7. For these reasons, the Court concludes that Plaintiff's law firm should be liable for [the defendant's] costs and reasonable attorney's fees incurred in defending this action.

*Jaafar,* 2009 WL 3602091, at *3 (footnotes and citations omitted).

This reasoning applies with full force here. As illustrated by the above-cited

---

11 sanctions would not be appropriate. *See Ridder v. City of Springfield,* 109 F.3d 288, 297 (6th Cir. 1997).

decisions of several courts in this District, as well as many other recent rulings to similar effect, claims essentially identical to those asserted in Plaintiff's complaint have repeatedly been dismissed on the pleadings for failure to state a claim. Several of these adverse decisions — not to mention this Court's own ruling in *Sobh v. Chase Home Finance, LLC,* No. 09-11986 — were issued before Plaintiff filed his responses to Defendants' motions in this case. Yet, Plaintiff and his counsel made no effort whatsoever to acknowledge or address, much less distinguish, these prior adverse rulings. Instead, Plaintiff's response briefs featured the very same arguments that this Court and others in this District have uniformly rejected.[7] This conduct plainly runs afoul of the § 1927 prohibition against unreasonably multiplying the proceedings. Accordingly, Plaintiff's counsel must pay the attorney fees and costs reasonably incurred by Defendants in defending this action.[8]

## III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant GMAC

---

[7] Indeed, Plaintiff filed essentially the same response to each Defendant's motion, despite the different arguments advanced in these two motions.

[8] Shortly before the Court issued the present ruling, Plaintiff's counsel filed a motion to withdraw, citing a breakdown in communication between counsel and Plaintiff. In light of the Court's determination that this case should be dismissed, counsel's motion is largely moot. Moreover, it is clear that counsel must remain involved in this case as the Court determines the appropriate amount of a fee award under § 1927.

Mortgage, LLC's July 10, 2009 motion to dismiss (docket #4) is GRANTED. IT IS FURTHER ORDERED that Defendant Provident Funding Group, Inc.'s August 10, 2009 motion to dismiss (docket #15) also is GRANTED. IT IS FURTHER ORDERED that Plaintiff's counsel's January 21, 2010 motion to withdraw (docket #25) is DENIED.

Finally, in light of the Court's decision to award fees and costs under 28 U.S.C. § 1927, IT IS FURTHER ORDERED that, within ***fourteen (14) days*** of the date of this opinion and order, Defendants shall file and serve statements of the attorney fees and costs they reasonably incurred in defending this action. Plaintiff's counsel may then file and serve any desired objections to these requested awards within ***fourteen (14) days*** of Defendants' submissions.

                                                s/Gerald E. Rosen
                                                Chief Judge, United States District Court

Dated: February 10, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2010, by electronic and/or ordinary mail.

                                                s/Ruth Brissaud
                                                Case Manager